**O'BRIEN, BELLAND & BUSHINSKY, LLC**
Michael J. DelTergo, Esquire
Robert O'Brien, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
Telephone: 856-795-2181
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**WILLIAM ERHART, COLLEEN ERHART, THOMAS COX, ARTHUR CRANDELL, JASON DERBY, PATRICK JONES, CHARLES PARKS, JOHN F. PEARCY, MARK RIESS, MATTHEW J. SCHWEGEL, CYNTHIA SCIPIONE, and THOMAS TORISI,**

**Plaintiffs,**

**v.**

**PLASTERERS LOCAL 8 ANNUITY FUND, THE TRUSTEES OF THE PLASTERERS LOCAL 8 ANNUITY FUND, JOSEPH DIEHL and JOSEPH MOSKAUSKI, FUND ADMINISTRATOR**

**Defendants.**

Civil Action No. ________________

## COMPLAINT

William Erhart, Colleen Erhart, Thomas Cox, Arthur Crandell, Jason Derby, Patrick Jones, Charles Parks, John F. Pearcy, Mark Riess, Matthew J. Schwegel,

Cynthia Scipione, and Thomas Torisi, Plaintiffs, by and through their attorneys, hereby allege:

## I. Introduction

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought against Defendant Plasterers Local 8 Annuity Fund ("Fund") pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), to obtain Plan benefits that have been wrongfully denied, to enjoin acts and practices that violate the terms of the Plan and the provisions of ERISA, for a declaration of Plaintiffs' entitlement to benefits under the Plan, and to obtain such other further equitable relief as may be appropriate to redress violations and enforce the provisions of ERISA.

2. This action is also being brought against Defendant Joseph Diehl ("Diehl") personally and Joseph Moskauski, personally and in his capacity as Fund Administrator, pursuant to §§ 502(a)(1)(A) and 502(c)(1) of ERISA, 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)(1), and § 510 of ERISA, 29 U.S.C. § 1140, seeking statutory penalties for refusing to provide requested Plan information, to enjoin Defendant from discriminating against Plan Participants based on union affiliation, and to obtain such other further equitable relief as may be appropriate to redress violations and enforce the provisions of ERISA.

3. This action is also being brought against the Trustees of the Local 8 Annuity Fund, personally and in their capacities as Trustees pursuant to Section 405 of ERISA, 29 U.S.C. §1105.

## II. Parties

4. Plaintiff William Erhart ("Erhart") is an individual residing at 91 Bridgeton Fairton Road, Bridgeton, New Jersey, 08302.

5. Plaintiff Colleen Erhart ("Mrs. Erhart") is an individual residing at 91 Bridgeton Fairton Road, Bridgeton, NJ 08302.

6. Plaintiff Thomas Cox ("Cox") is an individual residing at 1713 Mosswood Drive, Vineland, NJ 08360.

7. Plaintiff Arthur Crandell ("Crandell") is an individual residing at 723 Buck Shuter Road, Bridgeton, NJ 08302.

8. Plaintiff Jason Derby ("Derby") is an individual residing at 330 Beech Road, Millville, NJ 08332.

9. Plaintiff Patrick Jones ("Jones") is an individual residing at 2170 Berkeley Drive, Vineland, NJ 08361.

10. Plaintiff Charles Parks ("Parks") is an individual residing at 103 Deer Path Drive, Egg Harbor, NJ 08234.

11. Plaintiff John F. Pearcy ("Pearcy") is an individual residing at 1887 N. Delsea Drive, Lot 84, Vineland, NJ 08360.

12. Plaintiff Mark Riess ("Riess") is an individual residing at 343 Piney Hollow Road, Newfield, NJ 08344.

13. Plaintiff Matthew J. Schwegel ("Schwegel") is an individual residing at 1725 Flora Road, Vineland, NJ 08360.

14. Plaintiff Cynthia Scipione ("Scipione") is an individual residing at 343 Piney Hollow Road, Newfield, NJ 08344.

15. Plaintiff Thomas Torisi ("Torisi") is an individual residing at 1035 S. 7th Street, Vineland, NJ 08360.

16. Defendant Fund is an employee benefit fund that is currently administered by the Cement Masons & Plasterers Local Union No. 592 of Eastern Pennsylvania ("Local 592"), with offices located at 2843 Snyder Avenue, Philadelphia, PA 19145. The Fund is an employee pension benefit plan as defined in Section 3(2)(A) of ERISA. The Fund is a proper defendant under Section 502(d) of ERISA, 29 U.S.C § 1132(d).

17. Defendant Joseph Diehl ("Diehl") is the former Fund Administrator for Plasterers Local 8 Annuity Fund with offices located at 2843 Snyder Avenue, Philadelphia, PA 19145 and was a "fiduciary" of the Fund within the meaning of Section 3(21)(A) of ERISA.

18. Defendant Joseph Moskauski ("Moskauski") is the current Fund Administrator for Plasterers Local 8 Annuity Fund with offices located at 2843

Snyder Avenue, Philadelphia, PA 19145 and was a "fiduciary" of the Fund within the meaning of Section 3(21)(A) of ERISA

19. Defendants Bill Ousey, Michael Sabatini, Mark Wildsmith, Ed Lutz, III, Peter Bradley, Howard Deitz, Ed Lutz, Jr. and Thomas P. O'Neil ("Trustees") are the Trustees of the Fund, and are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA.

## III. Jurisdiction and Venue

20. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). Jurisdiction is also conferred by 28 US.C. § 1331 providing for jurisdiction in civil actions that arise under the laws of the United States. Subject matter jurisdiction also exists pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as Plaintiffs are seeking a Declaration of their rights to benefits under the Plan.

21. Venue with respect to this action lies in the District of New Jersey pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## IV. Statement of the Case

22. At all relevant times Plaintiffs were participants in the Fund.

23. At all times relevant, Plaintiffs were employed by Jersey Panel Corporation/Baruffi ("Baruffi").

24. Baruffi was a party to a Collective Bargaining Agreement ("CBA")

with the Operative Plasterers' and Cement Masons, Local Union No. 8. ("Local 8"). Local 8 had negotiated the CBA that covered Baruffi employees and the CBA was periodically renewed every three years.

25. In 2015, Local 8 was merged into Cement Masons and Plasterers Union, Local 592, with offices in Philadelphia.

26. Local 592 refused to extend Local 8's contract with Baruffi and BAC Local 5 of Bricklayers and Allied Craftworkers ("BAC Local 5"), a different international union with different locals, succeeded to the bargaining rights of Local 592.

27. A new contract between the employer Baruffi and BAC Local 5 has been in place since June 24, 2016. That contract provides a new labor agreement with different benefits and contribution levels and is administered by a different plan administrator. A new annuity plan with BAC Local 5 has been in effect since 2016, and Baruffi contributes to the new plan with BAC Local 5.

28. Plaintiffs subsequently left Local 8 and became members of BAC Local 5.

29. As of June 24, 2016, Baruffi had no obligation under its collective bargaining agreement to contribute to the Fund and no contributions were made to the Fund on behalf of the Plaintiffs since June 24, 2016.

As a result of its withdrawal from the collective bargaining agreement,

Baruffi ceased to be an "Employer" within the meaning of the Fund's Plan Document, and the Plaintiffs ceased to be "Employees" within the meaning of the Fund's Plan Document.

The Fund was previously administered by Benefits Processing Inc., a third party administrator, but after Local 8 was dissolved in 2015, the agreement with BPI was terminated and the Fund is now administered by Local 592 and Moskauski.

30. In a letter dated December 29, 2014, prior to the merger of Local 8 and Local 592, BPI informed Mr. Erhart which forms to fill out in order to claim benefits and noted that if Mr. Erhart was out of work for twelve months or more, he would be eligible to request a distribution.

31. On or about December 20, 2016, Erhart telephoned Diehl in his capacity as the Fund Administrator. Erhart asked Diehl to provide him with instructions on how to withdraw his Fund balance and requested that Diehl send him the required forms.

32. Diehl later told Erhart that since Erhart was still "in the industry", he could not take out any of his account balance. Diehl further stated that "you are in Local 5, which is our competitor, and you must stay in the [Fund] and you cannot take out your [Fund] money."

33. Erhart asked Diehl why he was being charged a $40 a month

administrative fee since he had no activity for over a year and reiterated his request for a distribution. Diehl told Erhart repeatedly that "you should have stayed in Local 8" and further advised that the only way Erhart would be able to get his money back is if he went back into Local 8.

34. Erhart was never provided with requested plan documents or forms nor did he ever receive any denial of his claim for benefits in writing or receive any other correspondence from Diehl. Diehl's refusal to provide these documents has prevented Plaintiffs from being able to apply to withdraw their Annuity Funds.

35. Following Erhart's experience with Diehl, the remaining Plaintiffs all made similar requests for benefits and were advised informally that such requests would be denied. None were provided with plan documents or applications for benefits.

36. On or about May 2, 2017, the Plaintiffs (and other claimants not part of this action), filed suit in this Court for relief under Sections 502, 503 and 510 of ERISA. The suit was dismissed without prejudice on March 12, 2018 for failure to exhaust administrative remedies.

37. Between March 15, 2018 and June 15, 2018, the Plaintiffs made formal applications for benefits from the Fund. The Fund denied these applications, some by undated letters believed to have been sent on or about June 11, 2018 and the remainder on August 28, 2018.

38. Plaintiffs appealed the Fund's adverse benefit determinations between August 13 and October 19, 2018.

39. The Fund denied the Plaintiffs' appeals *en masse* on November 13, 2018.

## V. The Terms of the Local 8 Annuity Fund Plan Document

40. The terms of the Local 8 Annuity Fund Plan Document ("Plan Document") were amended and made effective May 1, 2014.

41. Section 1.8 of the Fund's Plan Document defines "contribution" as "payments by an Employer that are required to be made to the Fund on behalf of Employees as defined in Section 1.10."

42. Section 1.10 of the Plan Document defines "Employee" as "any person working in the jurisdiction of the Union, employed by an Employer and for who a contribution is required to be made to the Fund pursuant to a collective bargaining agreement between the Employer and the Union . . . ."

43. Section 1.11 of the Plan Document defines "Employer" as "an employer who is required to contribute to the Fund pursuant to the terms of a collective bargaining agreement between the Union and the Employer."

44. Section 1.18 of the Plan Document defines "Non-Bargained Employee" as "an Employee not covered by a collective bargaining agreement."

45. Section 3.5 of the Plan Document provides:

> "In the event that a Participant has not worked in a job covered by a collective bargaining agreement requiring Employer contributions on his or her behalf to the plan, or, in the event that a Participant who is a Non-Bargained Employee has performed no services for an Employer, for at least twelve (12) consecutive months, he or she shall be considered to have withdrawn from the type of work normally performed by Participants covered by the Plan …"

46. Upon information and belief, the Fund is "qualified" under Section 401 of the Internal Revenue Code of 1986, as amended, and has received a favorable determination letter from the Internal Revenue Service.

**COUNT I**
**ENFORCEMENT OF PLAN TERMS PURSUANT TO ERISA SECTION 502(a)(3)**

47. The foregoing paragraphs 1-46 are incorporated by reference as though set forth fully at length herein

48. Section 404(a)(1)(D) states that the fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan.

49. The plain, clear and unambiguous terms of the Fund document make clear that the Plaintiffs are eligible to commence distributions.

50. The actions of the Fund and its former and current administrators to deny benefits in contravention of the plain and unambiguous language of the Plan is arbitrary and capricious and constitutes an abuse of discretion.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court

to enter an Order:

(a) declaring and clarifying Plaintiffs' entitlement to benefits under the Plan;

(b) enforcing the terms of the Plan document;

(c) enjoining the Defendants from further acts or practices that are contrary to the terms of the Plan document;

(d) awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action; and

(e) for such other further equitable relief as may be appropriate to redress violations of and to enforce the provisions of Title I of ERISA.

## COUNT II
## WRONGFUL DENIAL OF BENEFITS PURSUANT TO ERISA SECTION 502(a)(1)(B)

51. The foregoing paragraphs 1-50 are incorporated by reference as though set forth fully at length herein.

52. Plaintiffs are all Participants in the Fund.

53. Plaintiffs have not had any contributions to the Fund made on their behalf in over twelve months and pursuant to Section 3.5 of the Plan Document they are entitled to have their Accumulated Share paid to them upon application for benefits.

54. Diehl's initial refusal to provide the requested information about the proper procedures or to provide the required forms for Erhart and the remaining Plaintiffs to apply to claim their benefits wrongfully denied Plaintiffs meaningful access to the internal procedures that would have enabled them to apply for benefits and commence appeals sooner.

55. Diehl arbitrarily, capriciously, discriminatorily, and incorrectly determined that the Plaintiffs were not eligible for benefits based on their union affiliation.

56. The Plaintiffs' claims are ripe for review because the Fund has issued a denial upon appeal, therefore the Plaintiffs have exhausted all administrative remedies.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an Order:

(f) declaring and clarifying Plaintiffs' entitlement to benefits under the Plan;

(g) requiring the Fund to pay benefits due to the Plaintiffs along with reimbursement for excessive administrative fees charged and prejudgment interest;

(h) enjoining the Defendants from using union affiliation as a criteria for benefits determinations, enjoining Defendants from collecting improper administrative fees, and enjoining Defendants from violating the terms of

the Plan and the provisions of ERISA;

(i) awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action; and

(j) for such other further equitable relief as may be appropriate to redress violations of and to enforce the provisions of Title I of ERISA.

**COUNT III**
**PROHIBITED TRANSACTION**

57. The foregoing paragraphs 1-56 are incorporated by reference as though set forth fully at length herein.

58. Section 406 of ERISA, 29 U.S.C. § 1106, prevents a fiduciary from engaging in a transaction that results in the transfer of plan assets to a "party in interest" unless an exception applies.

59. Diehl is a "party in interest" pursuant to Section 3(14)(A) of ERISA, 29 U.S.C. § 1002(14)(A).

60. Sections 408(b)(1) and 408(c) of ERISA, 29 U.S.C. §§ 1108(b)(1) and (c), make clear that any monies paid to an administrator or for plan expenses must be "reasonable" to avoid designation as a prohibited transaction.

61. Section 403(c)(1) of ERISA provides that plan assets may be used only for benefits and payment of reasonable plan expenses. 29 U.S.C. § 1103(c)(1).

62. Upon information and belief, the Trustees have failed to ascertain that

the amounts withheld from the Plaintiffs in the form of a $40 per month administrative fee, are not in excess of what is required for "reasonable" plan expenses.

63. The withholding of $40 per month by the Fund administrator absent a determination that this amount is needed to defray reasonable expenses constitutes a diversion of Fund assets to a party in interest under Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an Order:

(a) declaring that the Defendants have engaged in a prohibited transaction as described above;

(b) Declaring that the Defendants are personally liable to reimburse the Fund and/or the Plaintiffs for all monies lost due to the aforesaid prohibited transaction;

(c) awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action; and

(d) for such other further equitable relief as may be appropriate to redress violations of and to enforce the provisions of Title I of ERISA.

## COUNT IV
## BREACHES OF FIDUCIARY DUTY

64. The foregoing paragraphs 1-63 are incorporated by reference as

though set forth fully at length herein.

65. Section 404(A)(1) of ERISA, 29 U.S.C. § 1104(A)(1) states that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries.

66. Section 404(a)(1)(D) states that the fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan.

67. Diehl initially refused to provide Plaintiffs with instructions on the proper procedures to apply for benefits and refused to furnish the Plaintiffs with the proper information and forms to apply for benefits.

68. Diehl based his initial denials of benefits and statements to Erhart on the fact that BAC Local 5 was a "competitor" to Local 8, the Fund's sponsoring union.

69. Diehl advised Erhart that the only way Erhart would be able to take a distribution from the Fund would be for him to rejoin Local 8.

70. Diehl later denied Plaintiffs' application benefits based on a refusal to follow the plain terms of the Plan document.

71. The Fund continued to charge the Plaintiffs $40 per month in excessive and unjustified administrative fees.

72. The actions of Diehl to retaliate against the Plaintiffs, favor members of Local 8 over the Plaintiffs by forcing Plaintiffs to remain in the Fund, and

forcing Plaintiffs to pay high administrative fees constitute breaches of fiduciary duty, which are actionable under Section 409 of ERISA, 29 U.S.C. § 1109.

73. The Trustees of the Fund are liable for breach of fiduciary duty under Section 405 of ERISA, 29 U.S.C. § 1105.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an Order:

(a) declaring that the Defendants have breached their fiduciary duty as described above;

(b) Declaring that the Defendants are personally liable to reimburse the Fund and/or the Plaintiffs for all monies lost due to the aforesaid breaches of fiduciary duty;

(c) Enjoining the Defendants from committing further breaches of fiduciary duty;

(d) awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action; and

(e) for such other further equitable relief as may be appropriate to redress violations of and to enforce the provisions of Title I of ERISA.

## COUNT V
## CLAIM AGAINST JOSEPH DIEHL FOR INTERFERENCE PURSUANT TO ERISA § 510, 29 U.S.C. 1140

74. The foregoing paragraphs 1-73 are incorporated by reference as

though set forth fully at length herein.

75. Diehl's action were intended to discriminate against Plaintiffs on the basis of union affiliation and were also intended to retaliate against Plaintiffs for terminating their membership in Local 8.

76. Diehl acted with the purpose of interfering with the attainment of Plaintiff's rights guaranteed under the terms of the Fund and relevant provisions of ERISA.

77. Diehl's actions are unlawful under Section 501 of ERISA, 29 U.S.C. § 1140.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter an Order:

(a) enjoining Defendant from using union affiliation as a criteria for benefits determinations, enjoining Defendant from collecting improper administrative fees, and enjoining Defendant from violating the terms of the Fund and the provisions of ERISA;

(b) awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

(c) for such other further equitable relief as may be appropriate to redress violations of and to enforce the provisions of Title I of ERISA.

Respectfully submitted,
**O'BRIEN, BELLAND & BUSHINSKY, LLC**

By: /s/ Michael J. Del Tergo
Michael J. DelTergo, Esquire
Robert O'Brien, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
(856) 795-2181
mdeltergo@obbblaw.com

Dated: February 25, 2019

**CERTIFICATION PUSUANT TO LOCAL CIV. RULE 11.2**

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

By: /s/ Michael J. Del Tergo
Michael J. DelTergo, Esquire

Dated: February 25, 2019

**CERTIFICATION PUSUANT TO ERISA §502(h)**

I hereby certify that a copy of this Complaint has been served upon the Secretary of Labor and the Secretary of Treasury in accordance with Section 502(h) of ERISA, 29 USC §1132(h).

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

By: /s/ Michael J. Del Tergo
Michael J. DelTergo, Esquire

Dated: February 25, 2019